## IN THE MIDDLE DISTRICT OF FLORIDA
## UNITED STATES DISTRICT COURT
## TAMPA DIVISION

**TONI DARU,**

    **Plaintiff,**

vs.                                                                    CASE NO.: _____

**DEALERS AUCTION XCHANGE, LLC,**

    **Defendant.**

_____/

## **COMPLAINT**

COMES NOW Plaintiff, TONI DARU, hereinafter referred to as "Plaintiff" pursuant to the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), 29 U.S.C. § 1161-1168., and sues the Defendant, DEALERS AUCTION XCHANGE, LLC, a Florida company, hereinafter referred to as "Defendant" and alleges:

### **JURISDICTION AND VENUE**

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331.

2.      Venue lies within United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

### **PARTIES**

3.      At all times material herein, Plaintiff was a resident of Hillsborough County, Florida.

4.      At all times material herein, Defendant was and is a Florida company licensed and authorized to and doing business in Pasco County, Florida.

5.      At all times material herein, Defendant was an employer as defined by the laws under

which this action is brought and employs the required number of employees.

## FACTS

6. Plaintiff was covered under a policy of health insurance through Defendant until her termination on August 6, 2020.

7. Defendant failed to provide notice of her right to elect continuing health coverage required by COBRA within 45 days of the qualifying event.

8. To date, Plaintiff has not received a COBRA compliant notice from Defendant regarding her medical health insurance despite being aware of a qualifying event.

9. Plaintiff incurred medical bills that have not been paid.

## COUNT I
## COBRA VIOLATION

10. Plaintiff realleges paragraphs one through nine as though set forth fully herein.

11. Plaintiff's termination was a qualifying event.

12. Since Plaintiff's termination, the plan administrator has failed to provide timely notice to Plaintiff of her right to elect continuation coverage of her health plan coverage as required by the Consolidated Omnibus Budget Reconciliation Act.

13  The conduct complained of above violates the Consolidated Omnibus Budget Reconciliation Act, 29 U.S.C. § 1161-1168.

WHEREFORE, Plaintiff prays for:

a. Statutory damages and penalties;

b. Attorney's fees and costs;

c. Actual damages for unreimbursed medical bills; and

d. For any other relief, this Court deems just and equitable.

WHEREFORE, Plaintiff respectfully requests all legal and equitable relief allowed by law

including judgment against Defendant, liquidated damages, prejudgment interest; payment of reasonable attorneys' fees and costs incurred in the prosecution of this claim and such other relief as the court may deem just and proper.

## DEMAND FOR JURY TRIAL

14. Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: January 28th 2021.

**FLORIN, GRAY, BOUZAS, OWENS, LLC**

*/s/Christopher D. Gray*
**CHRISTOPHER D. GRAY, ESQUIRE**
Florida Bar No.: 902004
Primary: chris@fgbolaw.com
Secondary: debbie@fgbolaw.com
**WOLFGANG M. FLORIN, ESQUIRE**
Florida Bar No.: 907804
wolfgang@fgbolaw.com
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
Telephone (727) 254-5255
Facsimile (727) 483-7942
Attorneys for Plaintiff